OHIO, FOR THE USE OF A. H. BURRITT AND HANNAH BURRITT HIS WIFE, *v.* ASA COWLES AND ERASTUS SPENCER, IMPLEADED WITH RALPH COWLES.

In an action of debt on an administrator's bond, brought under the act of March 1, 1834, 1 Curwen 140, it was necessary to aver in the declaration a demand upon the administrator for payment, or sufficient matter of excuse for not having made such demand.

The general averment of demand, *licet sepius requisitus*, is sufficient upon general demurrer, but not upon special demurrer.

Ohio, for the use of Burritt and wife, *v.* Cowles et al.

A judgment for a plaintiff upon issues of fact, will not be reversed because the court omitted to pass upon an issue of law made by a demurrer to a plea, if the plea was so bad in substance that the matters thereof constituted no bar to the action.

ERROR to the District Court of Geauga county.

The original action was debt on an administrator's bond, executed June 21, 1838, conditioned for the faithful performance by said Asa Cowles of his duties as administrator of the estate of Edmund Cowles, deceased.

Declaration sets up, in assigning breach of said bond, that the intestate left Hannah Cowles, since the wife of A. H. Burritt, his widow; and Caroline and Sybil, infant daughters by the said Hannah, and sole heirs, entitled to distribution of the personal property; that after the final settlement of said estate, in March, 1843, Caroline, without issue, died intestate, leaving Sybil her heir, and that in April, 1843, Sybil died also, intestate and without issue, leaving no brother or sister of the whole or half blood, whereby, as sole surviving parent, the said Hannah became her heir as to personal property, and would take the whole personal property in the hands of the above administrator on final settlement, etc. Said Hannah intermarried with Burritt in 1844.

That Asa Cowles, as administrator, made his final settlement, which was duly recorded, etc., in 1841, showing in his hands, subject to distribution to said widow and heirs, $1,363.87; which sum he did not pay over to said widow and heirs in their lifetime, *though often requested so to do ;* nor did he pay the same to the said Hannah, or said A. H. Burritt, *though often requested so to do,* etc.

To this the defendants plead specially :

1. Payment of said balance to said Caroline, said Sybil, and said Hannah.

2. Payment to said Sybil and said Caroline.

3. By agreement with said Hannah, while sole, all of said money was to be paid to said Sybil and Caroline.

4. Said Hannah is not entitled to said money.

5. *The plaintiffs have never demanded said sum of money of the defendant, Asa Cowles;* concluding with a verification.

To the above pleas, except the fifth, the plaintiff replied, and to that demurred generally.

The record shows no disposition of this demurrer ; that at the April term, 1850— the case having been commenced in 1848 — trial was had, and judgment for the amount of the bond, with an award of execution for $669.18, the amount found to be due in equity, and costs.

The case was removed into the district court on error, in September, 1852, and disposed of at the April term of that court, 1853, by reversing the above judgment of the common pleas, for the reason that the court proceeded to try the issues of fact in said case, while said issue of law was undisposed of.

To reverse this judgment of reversal, the present petition was filed.

*A. G. Riddle*, for plaintiff in error.

*H. Goodwin*, for defendants in error.

THURMAN, C. J. The common law practice requires issues of law to be disposed of before the trial of issues of fact, and this rule was incorporated into the practice act of 1831.

It is obvious that *all* the issues, whether of law or fact, should be decided before giving judgment for a plaintiff.

Both these rules were violated in this case. Not only were the issues of fact tried without first deciding the law issue, but the latter was never decided. Without taking the least notice of it, judgment was given for the plaintiff.

That this was erroneous, is not denied ; but it is claimed that it was error that did not prejudice the defendants below, and that, therefore, it furnishes no ground for a reversal of the judgment. It is said that the plea demurred to, was wholly insufficient ; that no valid judgment for the defendants could have been rendered upon it ; and that, consequently, it is immaterial that it was not noticed.

Does the doctrine that error not prejudicial to the party complaining, affords no ground for reversing a judgment, apply to a case like this—namely, to a case where an issue has not been passed upon ? We see no sufficient reason why it should not, and we think it is settled by the authorities that it should. *Swank* v. *The State*, 3 O. S. Rep. 429 ; *Young* v. *The State*, 6 O. R. 437 ; *Ferrill* v. *Humphrey*, 12 O. R. 112.

Was the plea insufficient in substance ? for mere insufficiency in form would hardly excuse its being unnoticed.

1. It is said that it tendered an immaterial issue, for no demand was necessary before suit brought.

To this, it is replied, that the action was brought under the administration statute of 1840, which expressly requires a previous demand ; but that, if it was even governed by the act of 1834, 1 Curwen 140, a demand was necessary, by the terms of that act, and upon general principles.

That the act of 1840 has no application to the case, is settled by *McGooney* v. *The State*, 20 O. R. 93, construing the last section of that act. There would be no ambiguity in that section, if it were correctly printed. The last word in it, " act," should be read " acts."

But the act of 1834, (1 Cur. 140,) is applicable, and it gives the action only where payment is " *withheld*." It would seem clear, therefore, that, in general, a demand is necessary ; otherwise it cannot be said that payment is withheld. For it is not the duty of the administrator to go to the distributees to make payment, but their duty to go to him to receive it.

A case can well be conceived where a demand would be excused, because the circumstances, without a demand, sufficiently show a withholding of payment ; as when the administrator absconds, or secretes himself. And the case of his removing from the State is expressly provided for by statute.

But, in all these exceptional cases, if there has been no demand, the matter of excuse must be averred, and as there is no such matter of excuse set forth in the present declaration, we must hold that, for aught that appears, a demand was necessary to lay the foundation for the action.

2. It is said that the plea is insufficient, because it does not aver that no demand was made by Caroline and Sybil, (the children.)

We think this objection well founded. The plea undertakes to answer the whole declaration, and, unless it do so, it is bad in substance.

Now, the declaration avers that the portions of Caroline and Sybil became payable in their lifetime, respectively, and were not paid, though the administrator, in their lifetime, was often requested to make payment.

If payment was demanded by Caroline and Sybil, it was not necessary for their heiress, Mrs. Burritt, to repeat it. Hence, the plea, that merely avers that she and her husband never made a demand, does not show that Caroline and Sybil had not done so. All the facts averred in the plea may be true, and yet a perfect right of action exist for the portions of Caroline and Sybil.

But it is said by the defendants in error, that if a demand was necessary, it should have been averred specially in the declaration, which is not done; and hence, even if the plea is bad, the demurrer, reaching back to the first defect, is fatal to the declaration, and, consequently, to the judgment.

That the demand should have been specially averred in the declaration, is undoubtedly true; and it is also true that there is no such special averment in it. But there is the general averment of " though often requested so to do "—the " *licet sepius requisitus* "—and the question is thus presented, whether this general averment is sufficient upon general demurrer. For, if it is, the demurrer does not reach it—as a general demurrer reaches back to defects of substance only, in the previous pleading, and not to mere defects of form.

A majority of the court think the declaration sufficient upon general demurrer.

Before the statute of jeofails, 4 Anne, c. 16, a contrary doctrine was held, and the old cases have sometimes been followed, without attention being paid to the effect of the statute.

But the modern cases and elementary books certainly hold

that the general averment is sufficient upon general demurrer. *Bowdell* v. *Parsons*, 10 East 359; *Baar* v. *Wilber*, 2 Cowan 117; 2 Humph. 417; 1 Chitty's Pl., 2d ed., 331; Tidd's Practice, 9th ed., 439.

Judgment of district court reversed, and that of common pleas affirmed.

RANNEY, J., dissented.